No. 8798.

THE MAYOR AND COUNCIL OF ALEXANDRIA VS. ABRAHAM HEYMAN.

The payment of taxes, whether due to the State, or parish, or to incorporated villages, towns, or cities, can no longer be enforced by suit, but only in the mode provided by the Act of the General Assembly approved July 5, 1882.

APPEAL from the Twelfth District Court, Parish of Rapides. Blackman, J.

Jno. C. Ryan for Plaintiff and Appellee.

Robt. P. Hunter and A. J. Hertzog for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J.   The object of this suit is to compel the payment by the defendant of one hundred and twenty 60–100 dollars, alleged to be due for taxes upon real and personal property within the corporate limits of the town of Alexandria.

The defendant peremptorily excepted on the ground, that the institution of a suit, and the attempt to collect a tax through its instrumentality, was prohibited by the Constitution.

The Constitution commands that the tax collector shall advertise for sale the property, on which taxes are due, in the manner provided for judicial sales, after giving notice to the delinquent in the manner to be provided by law, and that this shall be done without suit.   The quantity of property to be sold, and the manner of selling it, are prescribed in the same Article, (Art. 210) and its provisions are extended to municipal taxes by Art. 218.

The manifest object was to prevent the oppressive accumulation of costs, which had attended the indiscriminate institution of suits for the collection of taxes, and to substitute to it a less expensive and more expeditious method of realizing the public revenue.   While prohibiting suits, the Constitution prescribed what should be done instead, but inasmuch as the law of 1880 (Acts, p. 88) provided the manner of giving notice to the delinquent only in the collection of the State and parish taxes, and not for those of New Orleans, which was the first step in the new method of collection, it was held that the former method was in force in the City until the legislature should otherwise provide.   New Orleans vs. Wood, 34 Ann. 732.

The General Assembly, by Act approved July 5, 1882, prescribed anew the method of collecting the taxes imposed by the State for her own purposes, and the parish taxes as well, Sess. Acts, p. 119, and on the following day extended these provisions to her subordinate political corporations.   Ibid, p. 167.   Since then, the payment of taxes

whether due to the State, or parish, or to incorporated villages, towns, or the City, cannot be enforced by a suit, but only in the mode provided by the Act of July 5, 1882.

This suit was instituted in January, 1883.

It is therefore ordered and decreed that the judgment of the lower court is avoided and reversed, and that there be judgment now in favor of defendant as in case of non-suit upon the claim herein preferred, and that he recover of the plaintiff his costs in the lower court and the costs of this appeal.